UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLYLAND DESIGNS, INC.,

   Plaintiff,

v.

JAKE'S FIREWORKS, INC.,

   Defendant.

CASE NO.: 24-02230-EFM-BGS

**MEMORANDUM AND ORDER**

Plaintiff Flyland Designs, Inc. brings this copyright infringement action claiming that Defendant Jakes Fireworks, Inc. copied, distributed, and removed copyright management information from various copyrighted works of Plaintiff without authorization in violation of the Copyright Act, 17 U.S.C. §§ 106 and 1202. Before the court is Plaintiff's Motion to Strike Affirmative Defenses[1] alleging nine defenses raised by Defendant are either non-affirmative or contain insufficient legal or factual support. (Doc. 21.) For the reasons herein, Plaintiff's Motion to Strike Affirmative Defenses is hereby **GRANTED in part** and **DENIED in part**.

      **I.**      **BACKGROUND**

Plaintiff, a Pennsylvania-based graphic art studio, alleges in its complaint that Defendant, a Kansas corporation with its principal place of business in Pittsburg, Kansas, imported, distributed, sold, and displayed Plaintiff's federally registered "Firefighter Leprechaun" illustration on fireworks and t-shirts produced by Defendant under its "ANGRY LEPRACHAUN" and "WORLD-CLASS FIREWORKS" trademarks.[2] This action was originally filed in the Northern District of Georgia in

---

[1] While Plaintiffs construe all of the "Defenses" plead by Defendant as "affirmative," Defendant's Answer contains both general and affirmative defenses but list them all under a "Defenses" heading without specifying which are considered affirmative in nature.

[2] Docs. 17, First Am. Compl., at ¶¶ 2-8; Doc. 24, at 1-2.

1

August 2023 but Defendant subsequently filed a motion to transfer the case to the District of Kansas in October 2023 under 28 U.S.C. § 1404(a) in the interest of convenience. Plaintiff objected to the transfer arguing that the court should defer to Plaintiff's choice of forum and that the Northern District of Georgia remained the most convenient forum for the action. Plaintiff then filed an Amended Complaint in October 2023 and Defendant filed an Answer to Plaintiff's Amended Complaint in November 2023 while the case remained in the Northern District of Georgia. In May 2024, Judge Jones of the Northern District of Georgia granted Defendant's motion and the case was transferred to the District of Kansas.

Plaintiff filed this Motion to Strike Affirmative Defenses in November 2023 claiming that the defenses plead in Defendant's Answer to Plaintiff's Amended Complaint do not specify whether they are affirmative defenses or specific denials and, as such, should be treated as affirmative defenses for purposes of this motion. To the extent Defendant's defenses may be treated as "affirmative," Plaintiff claims such defenses either negate elements of Plaintiff's claim and are therefore non-affirmative (i.e., general) defenses, or lack the requisite factual and legal bases to give Plaintiff fair notice of Defendant's intended defenses. Plaintiff's motion therefore seeks to strike nine defenses raised by Defendant under Fed. R. Civ. P. 8 & 12(f).

Defendant argues that it has adequately plead its defenses and Plaintiff has sufficient notice of such defenses because the pleading standards of *Bell Atlantic Corp. v. Twombly*,[3] and *Ashcroft v. Iqbal*,[4] do not apply to affirmative defenses and the remaining defenses constitute general, as opposed to affirmative, defenses. Additionally, Defendant claims that Motions to Strike are generally disfavored.

---

[3] 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[4] 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

2

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances.[5] "Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial."[6] The decision to grant a motion to strike an affirmative defense rests within the sound discretion of the district court.[7] However, such motions are generally disfavored and should be granted only when the allegations contained in the defenses are wholly unrelated to the controversy and may be prejudicial to one of the parties.[8] If there is any doubt as to whether a certain matter may raise an issue, the motion should be denied.[9]

To survive a motion to dismiss under *Twombly*, a pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[10] The Court *Twombly* further described the pleading specificity standard, stating that a pleading "does not need detailed factual allegations," but must be supported by "more than labels and conclusions."[11] Subsequently in 2009, in *Iqbal* the Supreme Court clarified that the *Twombly* decision was based on its interpretation and application of Fed. R. Civ. P. 8, which governs the pleading standard in all civil actions.[12]

---

[5] *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F.Supp. 1448, 1450 (D. Kan. 1993); *see also Kinsale Ins. Co. v. Brandon Steven Motors, L.L.C.*, No. 18-CV-1239-EFM-GEB, 2019 WL 1953129, at *2 (D. Kan. May 2, 2019) (citation omitted).

[6] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648 (D. Kan. 2009).

[7] *Id.*

[8] *See e.g.*, *Salek v. Reload, Inc.*, No. 11-2585-SAC, 2012 WL 589277, at *6 (D. Kan. Feb. 22, 2012) (citation omitted) and *Nwakpuda v. Falley's Inc.*, 14 F.Supp.2d 1213, 1215 (D. Kan. 1998) (citations omitted).

[9] *Nwakpuda*, 14 F.Supp.2d at 1215.

[10] 550 U.S. 544 at 570, 127 S.Ct. 1955 at 1974.

[11] *Id.*

[12] 556 U.S. 662 at 684, 129 S.Ct. 1937 at 1953.

Courts historically have differed as to whether the heightened *Twombly* and *Iqbal* standard applies to affirmative defenses. Recent decisions by this District have held that it does.[13]

On the contrary, the heightened pleading standard does not apply to *general* defenses. Although general defenses are also governed by Rule 8, they differ from affirmative defenses in that general defenses directly negate elements of a plaintiff's claim while an affirmative defense insulates a defendant from liability even if Plaintiff has proven each element of an offense.[14]  Simply invoking the defense in a responsive pleading is sufficient to put the plaintiff on notice of the defense and the defendant need not meet the rigid plausibility standard described in *Iqbal* and *Twombly*.[15]

### III.    ANALYSIS

Plaintiff challenges Defendant's defenses on multiple grounds.  First, Plaintiff argues that Defendant's defenses 1, 2, 3, and 6 are not affirmative defenses and would confuse the record. Second, that Defendant's defense 5 regarding statute of limitations is not supported by current law and is inapplicable in this case.  Third, that Defendant did not plead defenses 7, 9, 10, and 11 with the requisite detail to place Plaintiff on notice of the factual basis of such defenses.  Additionally, Plaintiff seeks to strike Defendant's "Additional Defenses" paragraph alleging it is an impermissible reservation of a right to amend its Answer with supplemental defenses.

The Court must decide (1) whether a statement reserving the ability to supplement an answer with additional defenses constitutes an affirmative defense and whether such a statement is

---

[13] *Kinsale Insurance*, 2019 WL 1953129 at *2; *see also Construction Indus. Laborers Pension Fund v. Explosive Contractors, Inc.*, No. 12-2624-EFM, 2013 WL 3984371, at *2 (D. Kan. Aug. 1, 2013 and *Hayne,* 263 F.R.D. at 648 (D. Kan. 2009) (joining the majority of courts in applying the "heightened pleading standard announced in *Twombly*, and further clarified in *Iqbal*, to affirmative defenses").
[14] *Fed. Trade Comm'n v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2010 WL 11470103, at *7 (D. Kan. June 8, 2010). *Ear v. Empire Collection Authorities, Inc.*, No. 12-1695-SC, 2012 WL 3249514, at *2 (N.D. Cal. Aug. 7, 2012).
[15] *Id.*

4

permissible in a responsive pleading, and (2) whether Defendant has satisfied the pleading standard of *Iqbal* and *Twombly* as applied to those defenses determined to be affirmative.

### A. Specificity Required in Labeling Defenses

Federal Rule of Civil Procedure. 8(b)–(c) states that, in a responsive pleading "a party *must* state in short and plain terms its defenses to each claim asserted against it … [and] affirmatively state any avoidance or affirmative defense." This District has recognized that no technical form is required for pleading either affirmative or non-affirmative defenses and such defenses may be joined together under a single heading.[16] Rather, such paragraphs adequately put a plaintiff on notice of the defenses the defendant intends to assert.[17] For these reasons, Defendant permissibly labeled the section and subsequent paraphrase containing both affirmative and non-affirmative defenses as "defenses" and each defense must be analyzed separately to discern whether they are affirmative.

### B. Failure to State a Claim (First Defense)

Defendant's first defense claims that Plaintiff has failed to state a claim for which relief may be granted under 17 U.S.C. § 1202(b). "Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case."[18] This is merely a claim that Plaintiff has not met its burden of proof and is therefore a general defense that does not require factual support beyond invocation. Additionally, a defendant may permissibly raise the defense of failure to state a claim in a responsive pleading under Fed. R. Civ. P. 12(h)(2)(A). The Court declines to strike Defendant's first defense.

---

[16] *See Bowers v. Mortgage Electric Registration Sys.*, No. 10-4141-JTM-DJW, 2011 WL 2149423, at *5 (D. Kan. June 11, 2011) (stating the defendant permissibly labeled a section "Affirmative and Other Defenses").
[17] *Id.*
[18] *Barnes*, 718 F.Supp.2d at 1174.

## C. No Infringement (Second Defense) and No Removal of Copyright Management Information (Third Defense)

Defendant's second defense claims that Defendant has not infringed and is not liable for any infringement upon any of Plaintiff's valid copyright rights. Defendant's assertion that it did not engage in any type of infringement of Plaintiff's copyright rights is an attempt to negate Plaintiff's claims against Defendant for copyright infringement. Defendant's third defense denies, verbatim, specific elements encompassed in Plaintiff's claim for Defendant's alleged violation of 17 U.S.C. § 1202(b) by removing copyright management information from Plaintiff's work. Defendant's second and third defenses are therefore general defenses which are properly included in Defendant's Answer.[19]  For these reasons, the Court declines to strike Defendant's second and third defenses.

## D. Time Limitation on Damages (Fifth Defense)

Defendant's fifth defense states that Plaintiff's claims "are limited by 17 U.S.C. § 507(b) … [and] all of [Plaintiff's] claims based on conduct prior to August 15, 2020." Under Fed. R. Civ. P. 8(c)(1), the defense that a claim is barred by statute of limitations is generally an affirmative defense. The statute providing the relevant statute of limitations, however, acts as a condition precedent to the suit and is not an affirmative defense when it imposes a burden on a plaintiff to file within a specified time.[20] For example, the Tenth Circuit cites a case from the Fifth Circuit where the language of the relevant statute stated, "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."[21]  The *Emmons* court

---

[19] *See Martinez v. Naranjo*, 328 F.R.D.581, 598 (D. N.M. 2018) (citation omitted) (a defendant does "not violate Rule 8 by including the [general] defenses in their Answer" and "labeling their defenses as 'defenses' rather than as 'affirmative defenses'" is permissible).

[20] *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1303 (10th Cir. 2003) (citing *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1117-18 (5th Cir. 1983)).

[21] *Id*.  (citing 45 U.S.C. § 56 and *Emmons*, 701 F.2d at 1117).

found the statute's language forced the plaintiff to prove their cause of action was commenced within the three-year period and was "nothing more than a [general] defense."[22]

Here, the language of the relevant statute of limitations is nearly identical to that present in *Emmons*. Section 507(b) states that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued," and governs both alleged violations of 17 U.S.C. §§ 106 and 1202. This Court finds that the statute of limitations imposes a condition precedent to Plaintiff's cause of action and Defendant's sixth defense is a general defense. For the foregoing reasons, the invocation of the defense of statute of limitations without factual support is sufficient to give Plaintiff fair notice of the defense and the Court declines to strike Defendant's fifth defense.

### E. Innocent Violation of Copyright Act (Sixth Defense)

Defendant's sixth defense states that Plaintiff's "damages award should be reduced or remitted under 17 U.S.C. § 1203(c)(5) because [Defendant] was unaware and had no reason to believe that any of its acts constituted a violation of 17 U.S.C. § 1202." Inquiry into a defendant's state of mind is generally conducted when determining an award of statutory damages upon finding a defendant liable for infringement, rather than when determining whether a defendant is liable for such infringement.[23]

However, Section 1202 requires that a defendant either know, intend, or have reasonable grounds to know, that it has tampered, or has induced others to tamper, with a plaintiff's copyright management information.[24] A plaintiff may then be barred from recovering if a defendant does not

---

[22] 701. F.2d at 1118 (citing *Dixon v. Martin*, 260 F.2d 809, 811 (5th Cir. 1958) ("failure to timely bring suit not only bars the claimant's remedy, but it also destroys the [defendant's] liability")).

[23] *See Walden Music, Inc. v. C.H.W., Inc.*, No. 95-4023-SAC, 1996 WL 254654, at *5 (D. Kan. Apr. 19, 1996). *See also D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (citation omitted) ("a finding of innocent infringement does not absolve the defendant of liability under the Copyright Act. Rather, it triggers an equitable remedy[ ] that affords the district court discretion to award damages commensurate with the defendant's culpability").

[24] 17 U.S.C. § 1202(a)-(b).

7

have the requisite state of mind when engaging in this type of infringement. Defendant's sixth defense operates as a general defense rather than simply asking for an equitable remedy and the Court declines to strike it.

### F. Fair Use (Seventh Defense)

Defendant's seventh defense states that Plaintiff's "claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 given the nature of the Work and the effect of Jake's use, if any, on the potential market for the Work." The Supreme Court determined that "fair use" in the copyright realm is an affirmative defense, and a defendant carries the burden of demonstrating fair use.[25] Therefore, Defendant must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[26] Merely reciting the elements of a claim is plainly insufficient.[27]

The factors of a Fair Use action under 17 U.S.C. § 107 which are to be considered and weighed together, include (1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used in relation to the copyrighted work, and (4) the effect of the use upon the potential market for or value of the copyrighted work.[28] Here, Defendant only mentions the second and fourth factors and offers no factual support for why those factors weigh in favor of Defendant's fair use of Plaintiff's work, let alone cross the line into a plausible defense based upon factual matter. The Court strikes Defendant's seventh defense with leave to amend the pleadings to provide a more definitive statement.

---

[25] *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590, 114 S.Ct. 1164, 1177, 127 L.Ed.2d 500 (1994); *Whyte Monkee Prods., L.L.C. v. Netflix, Inc.*, 97 F.4th 699, 712 (10th Cir. 2024) (citations omitted).
[26] *Iqbal*, 556 U.S. 662 at 663, 129 S.Ct. at 1953 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1974).
[27] *Id*.
[28] *See e.g.*, *Campbell*, 510 U.S. at 578–90, 114 S.Ct. at 1171–77; *see also Whyte Monkee*, 97 F.4th at 712-13 (citation omitted).

### G. Unclean Hands (Ninth Defense)

Defendant's ninth defense asserts that Plaintiff's claims are:

> barred because ... [Plaintiff] has come to this Court with unclean hands by failing to reveal that: (1) [Plaintiff] published a version of the work without the "Flyland Designs" name and logo or any copyright management information appearing on the Work, and/or (2) the Work is a derivative work based upon an earlier…design created by [Plaintiff]…[i]n addition…Plaintiff attached a podcast to its website…[which] includes the recommendation that an artist delay notifying an alleged infringer of the purported infringement for a significant time period to allow potential damages to accumulate.

Moreover, Defendant claims that Plaintiff waited three months after discovering Defendant's alleged unauthorized use of Plaintiff's work, and over seven months after discovering Defendant's alleged removal of copyright management information from Plaintiff's work, to notify Defendant that such infringements would be contained in Plaintiff's First Amended Complaint.

Generally, when a plaintiff's alleged misconduct is related to the copyright infringement action, courts have allowed a defendant to raise the doctrine of unclean hands.[29] Here, Defendant allegedly infringed upon Plaintiff's copyright rights and removed copyright management information from its work. Defendant's defense is that Plaintiff waited to notify the Defendant of the alleged copyright infringement and management information removal to increase a potential recovery. Plaintiff's alleged actions are therefore related to Plaintiff's cause of action and Defendant's defense of unclean hands is permissible in this case.

In copyright actions, a defendant must plead the affirmative defense of unclean hands with the specific elements required to establish the defense.[30] Such elements include "(1) [the Plaintiff is] guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the

---

[29] *See 1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013) (quoting *Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004)).

[30] *Purzel Video GmbH v. St. Pierre*, 110 F.Supp.3d 1158, 1169 (D. Colo. 2014) (quoting *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644–REB–CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010)).

matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants."[31]   Here, Defendant has pled enough factual matter, accepted as true, to plausibly suggest that Plaintiff has engaged in bad faith directly related to the matter at issue.  Defendant has failed, however, to mention both the injury allegedly suffered as a result of Plaintiff's acting in bad faith and how such bad faith affected the balance of equities between it and Plaintiff.  Defendant has not sufficiently pled their defense of "unclean hands" and the Court strikes this defense accordingly with leave to amend the pleadings to provide a more definitive statement.

### H. No Injunctive Relief (Tenth Defense)

Defendant's tenth affirmative defenses states that Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law, has not suffered irreparable injury, and injunctive relief would contradict the public interest.  In this District, stating that a plaintiff has an adequate remedy at law and is not entitled to injunctive relief is not an affirmative defense.[32]   Such a defense is not subject to the heightened pleading standard of *Iqbal* and *Twombly*.  Courts in this District will not strike such a defense unless a moving party has shown it is prejudiced by its assertion.[33]

Here, Plaintiff has merely stated that the presence of Defendant's defense is not supported by sufficiently facts under *Iqbal* and *Twombly*, which this Court has determined does not apply to non-affirmative defenses, and has not demonstrated prejudice.  This Court therefore declines to strike Defendant's tenth defense.

### I. Unjust Enrichment (Eleventh Defense)

Defendant's eleventh defense states that Plaintiff's claims are barred because Plaintiff seeks "a windfall that it is not otherwise entitled to recover from [Defendant]," and is labeled as a defense

---

[31] *Id.* (citing 2010 WL 2533409, at *3).

[32] *Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F.Supp.3d 1356, 1378 (D. Kan. 2018) (citing *Affiliate Strategies,* 2010 WL 11470103 at *7).

[33] *Id.* (citing *Affiliate Strategies*, 2010 WL 11470103 at *7).

of "unjust enrichment." Courts within the Tenth Circuit have held that such a defense is affirmative.[34] Thus, Defendant's eleventh defense shall be treated as an affirmative defense and is subject to the heightened *Iqbal* and *Twombly* pleading standard. Defendant has produced no factual support for its allegation unjust enrichment whatsoever, and the paragraph equates to a patently insufficient conclusory allegation that Plaintiff seeks a windfall it is not entitled to recover.[35] Defendant's eleventh defense is hereby stricken with leave to amend the pleadings to provide a more definitive statement.

### J. Additional Defenses Paragraph

In relevant part, Defendant's "Additional Defenses" paragraph states, "[b]ecause [Plaintiff's] First Amended Complaint is phrased in conclusory and sometimes contradictory terms, [Defendant] is unable to fully anticipate all applicable defenses [and] reserves the right to assert additional defenses to the extent that such defenses are or become applicable." Although a reservation of the right to assert unpled defenses is not a defense of any sort, this District has declined to strike such a reservation because it provides a plaintiff with notice that discovery may lead to further defenses.[36] The Court therefore declines to strike Defendant's reservation paragraph. However, this paragraph cannot serve as a motion for leave to amend Defendant's Answer and Defendant must comply with D. Kan. 15.1 if it wishes to supplement its answer with additional defenses.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike affirmative defenses is **GRANTED in part** and **DENIED in part**.

---

[34] *See Herman v. PBIA & Co.*, No. 19-CV-00584-PAB-CPG, 2022 WL 17547720, at *6 (D. Colo. Aug. 2, 2022) (citation omitted).
[35] *See Robbins*, 519 F.3d at 1242. *See also Explosive Contractors*, 2013 WL 3984371, at *2.
[36] *See Bowers v. Mortgage Elec. Registration Sys.*, No. 10-4141-JTM-DJW, 2011 WL 2149423, at *7 (D. Kan. June 1, 2011) (citation omitted); *see also Pflughoeft v. Kansas & Oklahona R.R., L.L.C.*, No. 22-1177-TC-RES, 2023 WL 5672202, slip op., at *5 (D. Kan. Sept. 1, 2023) ("[a] reservation of unpled defenses is not a defense of any kind, much less an affirmative one").

Plaintiff's motion to strike Defendant's seventh, ninth, and eleventh defenses is hereby **GRANTED** with leave to amend the pleadings to provide a more definitive statement.

Plaintiff's motion to strike Defendant's first, second, third, fifth, and tenth, defenses is hereby **DENIED**.

Plaintiff's motion to strike Defendant's "Additional Defenses" statement is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 1st day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE